IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**COURTNEY PATRICK**                                                **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO. 3:15-CV-652-HTW-LRA**

**REVCLAIMS, LLC**                                      **DEFENDANT**

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On September 4, 2015, Courtney Patrick [hereinafter "Plaintiff"] filed a Complaint [1] in this Court charging her former employer Revclaims, LLC, with violating the Americans with Disabilities Act ["ADA"] and the Equal Pay Act ["EPA"]. On the same date, she filed an Application to Proceed in District Court Without Prepaying Fees or Costs, [2], requesting that the prepayment of filing fees and costs be waived pursuant to 28 U.S.C. § 1915.

After a review of the sworn Financial Affidavit filed with the Court, it is the opinion of the Magistrate Judge that Plaintiff is not indigent under the law and should not be allowed to proceed *in forma pauperis*. Plaintiff, who has an advanced college education, is currently employed and has a monthly income of $3,077.00. Her spouse has an income of approximately $2500. She and her husband have three dependent minor children, and one of the children is disabled with Cerebral Palsy. They own a home valued at $117,000 and two vehicles. She has $700 in a bank account. Her monthly expenses are approximately $3,050.00 per month, including $550 payments on credit card debt.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, particularly the fact that she is employed and has a regular monthly income, the undersigned finds that she could pay filing costs without undue financial hardship if given thirty days to pay the filing fees. She will not be rendered destitute by paying the filing fees in thirty days, as she does have a place to reside, a motor vehicle, and a monthly income. If meritorious, this is a fee-producing case, and Plaintiff will be able to recoup the fees charged in this case. Taxpayers should not bear the costs of private civil litigation unless a litigant is actually barred from the courts due to his or her finances.

Because Plaintiff will not be barred from the federal courts due to her lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed *in forma pauperis* be denied. Plaintiff shall be given thirty days to pay the filing

fees in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before **October 19, 2015.**  If Plaintiff does not object to this recommendation, but does not pay the filing fees by October 19, 2015, this case should be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations.  Objections are required to be in writing and must be filed within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court...." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*)(citations omitted).

IT IS ORDERED that Plaintiff shall pay the full filing fees in this case on or before **October 19, 2015,** unless she appeals this recommendation to the district judge**.**

THIS the 14th day of September 2015.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE